## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.  1:15-cv-01910-CMA-MEH

ROB FISHER,

      Plaintiffs,

   V.

MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT, INC., and
EXPERIAN INFORMATION SOLUTIONS, INC.,

      Defendants.

_____

## STIPULATED PROTECTIVE ORDER

_____

IT IS HEREBY STIPULATED by and between Plaintiff Rob Fisher and

Defendants Experian Information Solutions, Inc. ("Experian"), Midland Funding, LLC

("Midland"), and Midland Credit Management, Inc. ("MC") through their respective

attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought,

produced or exhibited by and among the parties to this action relating to trade secrets,

confidential research, development, technology or other proprietary information

belonging to the defendants, and/or personal income, credit and other confidential

information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information

shall be and hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents,

testimony or information produced or given in this action which are designated to be

subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them as restricted in accordance with D.C.COLO.LCivR 7.2.

4.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such

information; and (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6.     Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5 (d) or (f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5  and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.     Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but

excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

11.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, a party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential".

12.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation during the pendency of this case in the interest of justice.

DATED this 4th day of February, 2016, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

IT IS SO STIPULATED:

s/ Brianne M. Jackson
Brianne M. Jackson
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:  (949) 851-3939
Email:  bjackson@jonesday.com
*Attorneys for Defendant Experian*
*Information Solutions, Inc.*

s/ Jamie N. Cotter
Jamie N. Cotter
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80303
T: 303-839-3800; F: 303-839-3838
Email: jcotter@spencerfane.com
*Attorneys for Defendants Midland*
*Funding, LLC & Defendant Midland Credit*
*Management, Inc.*

s/ Matthew R. Osborne
Matthew R. Osborne, #40835
10465 Melody Drive, Ste 325
Northglenn, CO 80234
(303) 759-7018
matthewosbornelaw@gmail.com
*Attorney for Plaintiff*

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1.      My address is

_____.

2.      My present employer is _____.

3.      My present occupation or job description is

_____.

4       I have received a copy of the Stipulated Protective Order entered in this

action on _____, 20____.

5.      I have carefully read and understand the provisions of this Stipulated

Protective Order.

6.      I will comply with all provisions of this Stipulated Protective Order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under

the Stipulated Protective Order, any information, documents or other materials

produced subject to this Stipulated Protective Order.

8.      I will use such information, documents or other materials produced subject

to this Stipulated Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all

information, documents or other materials produced subject to this Stipulated Protective

Order, and all documents or things which I have prepared relating to the information,

documents or other materials that are subject to the Stipulated Protective Order, to my

counsel in this action, or to counsel for the party by whom I am employed or retained or

from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of

enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2016 at _____.

_____
QUALIFIED PERSON